IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-180-N-BN |
| | § | |
| TDINDUSTRIES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* employment-discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. On January 25, 2018, the Court granted Plaintiff Ronald Jackson leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and issued a questionnaire to screen his claims, *see* Dkt. No. 7, to which Jackson filed a verified response on February 23, 2018, *see* Dkt. No. 8. The undersigned enters these findings of fact, conclusions of law, and recommendation that, because Jackson's complaint as amended by his verified questionnaire responses reflects that he failed to fully exhaust administrative remedies prior to filing this action, the Court should dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

**Applicable Background, Legal Standards, and Analysis**

Through the complaint as filed, Jackson alleges in full: "TDIndustries violated Title VII of the Civil [Rights] Act of 1964 ... by retaliating against me when I

complained of discrimination also failed to promote, put at a disadvantage by hiring illegal immigrants, also gave degrading work assignments subjected to racial slurs and really derogatory insults." Dkt. No. 3 at 1. His verified responses to the screening questionnaire reflect that, while he has filed a charge of discrimination with the Equal Employment Opportunity Commission or the applicable state agency, *see* Dkt. No. 8 at 3, 4, 17-19, he has not received a right-to-sue letter, *see id.* at 5.

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if it concludes, for example, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

Title VII claims "may only be adjudicated in federal court if the plaintiff exhausted [ ] administrative remedies in a timely manner." *Brown v. Jimmons*, Civ. A. H-15-2108, 2016 WL 4570758, at *2 (S.D. Tex. Aug. 31, 2016) (citing 42 U.S.C. § 2000e-5(e)(1); *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994)). "[T]o exhaust administrative remedies" under Title VII, a plaintiff "must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency." *Owens v. Dallas Cty. Cmty. College Dist.*, No. 3:16-cv-3162-L, 2017 WL 3190727, at *2 (N.D. Tex. May 16, 2017) (citation omitted), *rec. accepted*, 2017 WL 3172748 (N.D. Tex. July 26, 2017). But "[t]he EEOC filing

requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991) (internal quotations and citation omitted).

That said, "[a] plaintiff must exhaust the administrative process and receive [the] statutory notice of right-to-sue before filing a civil action in federal court." *Beard v. Yamane*, No. 3:13-cv-4669-K, 2014 WL 547033, at *2 (N.D. Tex. Feb. 11, 2014) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)). And, where, like here, a plaintiff's responses to a screening questionnaire reveal that a charge has been filed with the EEOC or the applicable state agency but that the plaintiff did not receive a right-to-sue letter prior to filing an action in federal court concerning the claims raised in the charge, the "complaint should be summarily dismissed without prejudice." *Id.* ("Because she has not received a notice of right to sue, she has failed to fully exhaust administrative remedies." (collecting cases)); *cf. Barton v. Am. Eurocopter Corp.*, No. 4:02-cv-516-Y, 2002 WL 32487882, at *2 (N.D. Tex. Oct. 10, 2002) ("Based on *Pinkard[ v. Pullman-Standard, Inc.*, 678 F.2d 1211 (5th Cir. 1982),] and subsequent cases interpreting *Pinkard*, the plaintiff's action is not subject to dismissal if he receives a right-to-sue letter *before* the defendant files a motion to dismiss or motion for summary judgment." (collecting cases; emphasis in original)); *Bouaziz v. AZT Corp.*, No. 3:10-cv-53-B, 2010 WL 2813403, at *1 (N.D. Tex. July 9, 2010) ("Although a plaintiff may demand a right to sue letter 180 days after the charges are filed with the EEOC, courts have held that the right to sue letter must be received before a motion

to dismiss is filed for the suit to proceed." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE